**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 3:26-CV-00051-CHB-EBA** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Judge Claria Horn Boom** |
| | : | |
| **DR. STEVEN STACK in his official capacity as the Secretary of the KENTUCKY CABINET for HEALTH and FAMILY SERVICES et al.** | : | |
| | : | **DEFENDANTS' MOTION FOR STAY** |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Defendants, Kentucky Cabinet for Health and Family Services and Dr. Steven Stack, in his official capacity as Secretary of the Cabinet for Health and Family Services[1], move this Court to stay all further proceedings in this action under its inherent power, pursuant to the first-to-file doctrine, pending the outcome of a Motion to Enjoin this lawsuit and other related lawsuits involving functionally the same parties and the same subject matter filed in the United States District Court for the Northern District of California. *See State of Calif., et al. v. U.S. Dep't of Agriculture, et al.*, Case No. 3:25-cv-6310-MMC-KAW, Plaintiff States' Motion to Enjoin Prosecution of Related Cases (N.D. Cal. July 10, 2026) [DN 186] (attached as Exhibit A).

Plaintiff filed this lawsuit as an attempt to forum shop and as an end run around of the Northern District of California's prior Orders enjoining the federal government from punishing

---

[1] As of the time of this filing, Defendants have not been properly served pursuant to Fed. R. Civ. P. 4(j) and do not waive the defense of proper service or service of process. After CHFS raised the issue of improper service with DOJ counsel, DOJ counsel indicated that it served the Complaint upon the Kentucky Office of Attorney General on July 14, 2026, pursuant to Ky. R. Civ. P. 4.04(6). However, at the time of filing this Motion CHFS had not yet been notified of service by the Office of Attorney General.

Plaintiff States for not producing the same sensitive Supplemental Nutrition Assistance Program ("SNAP") data at issue here. In that case, the court also rejected United States Department of Agriculture's ("USDA") stated intent of filing a counterclaim because the parties' summary judgment motions will address the same issues. This action is a clear attempt by USDA to move the dispute pending in the Northern District of California to courts that have not yet ruled against USDA on the claim it raises here.

Having to proceed in two different forums on the same substantive questions about Kentucky's obligation to produce sensitive SNAP data and also on the first-to-file issue would be a waste of judicial resources and would not promote judicial economy. This Court should stay this action until the outcome of the pending Motion to Enjoin in the first-filed case.

In support of their Motion, Defendants state as follows.

## BACKGROUND

This case is about the USDA's ongoing demand that the Cabinet for Health and Family Services ("CHFS") produce sensitive, personally identifying data and records for everyone, including household members, who has applied for or received SNAP benefits since January 1, 2020. That same demand is the subject of active litigation filed on July 10, 2025 in the Northern District of California, in the case styled, *State of Calif., et al. vs. U.S. Dep't of Agriculture, et al.*, 3:25-cv-6310 (N.D. Cal. July 10, 2025) ("first-filed litigation").

In the first-filed litigation, 21 states and the District of Columbia filed suit against the USDA over its demand that states produce sensitive SNAP data and USDA's threat to withhold SNAP funding for noncompliance. One of the Plaintiffs is the *Office of the Governor ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky* ("Kentucky"), who represents the interests of CHFS, which is one of the executive branch program cabinets that

2

he supervises and is responsible for administering the Commonwealth of Kentucky's SNAP program. *See* KRS 12.020(I)(6); KRS 194A.010.

The parties have been litigating the first-filed litigation for nearly a year, and the court there has entered two preliminary injunctions ruling that Plaintiff States have shown irreparable harm and are likely to succeed on their claims that USDA's data demand is unlawful. Those preliminary injunctions prevent USDA from disallowing SNAP funding based on Plaintiff States' failure to comply with USDA's demands. *See Calif. v. U.S. Dep't of Agriculture* ("*California I*"), No. 25-cv-6310, 2025 WL 2939227 (N.D. Cal. Oct. 15, 2025) (first injunction); *Calif. v. U.S. Dep't of Agriculture* ("*California II*"), 821 F. Supp. 3d 1015 (N.D. Cal. 2026) (second injunction).

On June 26, 2026, the United States filed this action against CHFS along three other lawsuits against other States, reiterating the same USDA demand that is subject of the first-filed litigation that the States produce the sensitive SNAP data.[2]

On July 10, 2026, in the first-filed litigation, Kentucky and other Plaintiff States filed a Motion to Enjoin Prosecution of this case and the other three related district court lawsuits. The Motion to Enjoin has an agreed upon briefing schedule and is set to be heard before the Northern District of California on August 14, 2026. On the same day Plaintiff States filed their motion in that action, Plaintiff here filed its motion for preliminary injunction. [DN 8][3].

## STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[2] *U.S. v. Pa. Dep't of Human Servs.,* No. 26-cv-1787(M.D. Penn.); *U.S. v. Mich. Dep't. of Health & Human Servs*, No. 26-cv-1950 (W.D. Mich.); *U.S. v. Minn. Dep't. of Children, Youth, & Families*, No. 26-cv-3120 (D. Minn.).

[3] On July 15, 2026, the United States District Court for Minnesota issued an order cutting the United States off from immediately filing a motion for preliminary injunction and requiring the United States to meet and confer with defendant regarding briefing schedule before filing such a motion or any other pre-answer motions. *U.S. v. Minn. Dep't. of Children, Youth, & Families*, No. 26-cv-3120 (D. Minn.) [DN 16].

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). The rule provides that, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" *Id.* (citing *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). "As between federal district courts, ... the general principle is to avoid duplicative litigation." *Id.* (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). The first-to-file rule "also conserves judicial resources by minimizing duplicative or piecemeal litigation and protects the parties and the courts from the possibility of conflicting results." *Id.* (citing *EEOC v. Univ. of Pa.,* 850 F.2d 969, 977 (3d Cir.1988)).

When applying the first-to-file rule, the Sixth Circuit generally evaluates three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake. *Id.* With respect to the second and third factors, the parties and the issues need only substantially overlap to apply the first-to-file rule. *Id.* at 790-91.

## ARGUMENT

Applying the first-to-file rule factors to this case a stay of this action is warranted. A stay of further proceedings in this matter pending the outcome of the Motion to Enjoin in the first-filed litigation is within this Court's discretion and appropriate because that litigation (1) was filed first chronologically; (2) involves substantially the same parties; and (3) involves substantially the same issues.

Regarding the first factor, the first-filed litigation in the Northern District of California was filed on July 28, 2025 – first chronologically and nearly a full year before this action was filed.

4

As for the second factor, the parties are functionally the same here as in the first-filed litigation. In the first filed litigation, Governor Beshear is a plaintiff representing the interests of CHFS, an executive branch program cabinets the Governor supervises and is responsible for administering the Commonwealth of Kentucky's SNAP. Here, CHFS and Dr. Steven Stack, in his official capacity as Secretary, are Defendants. In the first-filed litigation, the defendants are the USDA and the USDA's Office of Inspector General. USDA is a Department of the United States. *See* 7 U.S.C. § 2201. Plaintiff here is the United States, which seeks to enforce USDA's demand for SNAP data and records. *See* Complaint [DN 1]. The parties are functionally the same as in the first-filed litigation.

Finally, with respect to the third factor, the first-filed litigation and this litigation both involve precisely the same issue; the demand for the production of SNAP data and records. *See* Exhibit A.

Therefore, all three factors are met for this Court to enter a stay under the first-to-file rule. Additionally, "[w]hether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Paintsville Hosp. Co., LLC v. Amneal Pharmaceuticals, LLC*, 7:20-CV-00102-GFVT, 2020 WL 7048275, at *3 (E.D. Ky. Dec. 1, 2020).

Here, the first-filed litigation has been ongoing for nearly a year and remains pending. That case will proceed to summary judgment as soon as disputes over the administrative record and discovery are resolved. Despite the first-filed litigation's progression, the United States, through the Department of Justice, has filed subsequent actions in four federal jurisdictions, Kentucky, Michigan, Minnesota, and Pennsylvania. At best, this action is a waste of judicial, as well as the parties', resources. At worst, it is an effort to forum shop and evade the Northern District of

5

California's preliminary injunction and jurisdiction over the same subject matter. This action and the other later-filed, related suits present an obvious risk of inconsistent rulings and does not serve the interest of judicial economy.[4]

## CONCLUSION

For the foregoing reasons, this Court should stay the proceedings in this matter pending the outcome of Kentucky, and other Plaintiff States' Motion to Enjoin in the first-filed litigation.

Respectfully submitted,

*/s/Blake A. Vogt*
Wesley W. Duke (KBA # 88404)
Blake A. Vogt (KBA #93740)
David T. Lovely (KBA # 94443)
General Counsel
Cabinet for Health and Family Services
Office of Legal Services
275 East Main Street 5W-B
Frankfort, KY  40621-0001
Phone: (502) 564-7042
Fax: (502) 564-7573
WesleyW.Duke@ky.gov
BlakeA.Vogt@ky.gov
DavidT.Lovely@ky.gov

## CERTIFICATE OF SERVICE

---

[4] Counsel for CHFS conferred with counsel for Plaintiff about a stay of this action pending the outcome of the motion in the first-filed case, and an extension of time for CHFS to respond to Plaintiff's motion for a preliminary injunction. Plaintiff's counsel would not agree to a stay or an extension of time to respond to the preliminary injunction motion, stating that response must be filed by July 31, 2026. However, Plaintiff's counsel did state CHFS could have until 60 days from July 8, 2026, to respond to the Complaint.

6

I hereby certify that on July 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the Court's electronic filing system (CM/ECF), which sends electronic notification to all parties registered as CM/ECF users.

*/s/ Blake A. Vogt*
Blake A. Vogt