**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 3:26-CV-00051-CHB-EBA** |
| **Plaintiff,** | : | |
| | : | **Judge Claria Horn Boom** |
| **V.** | : | |
| | : | |
| **DR. STEVEN STACK in his official capacity as the Secretary of the KENTUCKY CABINET for HEALTH and FAMILY SERVICES, et al.** | : | **DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO FILE AMICUS BRIEF** |
| | : | |
| | : | |
| **Defendants,** | : | |
| | : | |

---

Defendants Kentucky Cabinet for Health and Family Services and Dr. Steven Stack, in his official capacity as Secretary of the Cabinet for Health and Family Services (hereinafter collectively referred to as "CHFS"), for their Response in Opposition to the Office of the Attorney General's ("OAG") Motion for Leave to File Amicus Brief hereby state as follows:

CHFS objects to OAG's motion. Contrary to OAG's proposed amicus brief, neither the Governor nor the Secretary of CHFS have "rebuffed" USDA's demands for confidential SNAP recipient data, but have instead challenged the demands as unlawful, which the District Court for the Northern District of California has agreed with in enjoining USDA from penalizing States for not providing the data. Along with its inaccuracy, OAG's proposed amicus brief will not be helpful to this Court on the narrow procedural issue of whether to grant a temporary and limited stay pending the outcome of a motion to enjoin in the Northern District of California under the first-to-file rule. First, no Federal Rule of Civil Procedure or Local Rule allows for or contemplates the filing of an amicus brief in this matter. Further, while "classical participation as an amicus to brief

and argue as a friend of the court was, and continues to be, a privilege within 'the discretion of the court', that depends upon a finding that the proferred information of amicus is timely, useful or otherwise necessary to the administration of justice." *U.S. v State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal citations omitted). Therefore, the purpose of an amicus brief is to provide helpful insight to the Court regarding the issues before it, which OAG's proposed amicus brief does not do.

Although there is no rule governing the filing of amicus briefs in district court, "courts consider several factors, including adequate representation, cognizable direct interest in the outcome, and whether the proposed amici addresses matters or advances arguments different from those raised by the parties." *Moore v. Humana, Inc.*, 3:21-CV-232, 2022 WL 20766503, at *2 (W.D. Ky. Mar. 31, 2022) citing *Nat'l Air Traffic Controllers Ass'n, MEBA, AFL-CIO v. Mineta*, 99-CV-1152, 2005 WL 8169395, at *1 (N.D. Ohio June 24, 2005).  Generally,

> An *amicus* brief should . . . be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that maybe affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Nat'l Air Traffic Controllers Ass'n,* 99-CV-1152, 2005 WL 8169395, at *1 (N.D. Ohio June 24, 2005). The purpose of an amicus brief is "to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts." *BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton Cty., Inc.*, 830 F. Supp. 2d 294, 307 (E.D. Ky. 2011) quoting *Dow*

2

*Chemical Co. v. United States*, No. 00–CV–10331, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002).

The issue pending before this Court is very narrow – whether to stay this case pursuant to the "first-to-file" rule pending the outcome of a motion to enjoin set to be heard in the Northern District of California on August 14, 2026. OAG's proposed amicus brief appears to raise the issue of the Northern District of California's jurisdiction to hear a matter that it suggests should only be brought in the Commonwealth of Kentucky. That is not the issue currently pending before this Court. Further, the parties are adequately represented, and the narrow issue raised by the motion to stay has been fully briefed. Unlike CHFS and the Plaintiff, OAG does not have an interest in Northern District of California case and cannot offer a unique perspective or information beyond what counsel for CHFS and the Plaintiff have already provided. The proposed amicus offers no new guidance to this Court and would not be helpful on a procedural motion. *See Moore*, 3:21-CV-232, 2022 WL 20766503, at *2 (W.D. Ky. Mar. 31, 2022) ("[t]he Court finds that the …amicus curiae would not be of substantial assistance to the Court. The [proposed amicus] appears to be advocating on behalf of Defendants, rather than 'provid[ing] *impartial* information' to the Court…in short the amicus brief presents nothing that is useful, or otherwise necessary to the administration of justice.").

Therefore, because OAG's amicus brief seeks to argue a position on an issue not before this Court, it would not be helpful to the Court. For the foregoing reasons, Defendants respectfully request that this Court deny the Motion for Leave to File an Amicus Brief.

Respectfully submitted,

*/s/Blake A. Vogt*
Wesley W. Duke (KBA #88404)
General Counsel
Blake A. Vogt (KBA#93740)
David T. Lovely (KBA#94443)
Cabinet for Health and Family Services
Office of Legal Services
275 East Main Street 5W-B
Frankfort, KY  40621-0001
Phone: (502) 564-7042
Fax: (502) 564-7573
WesleyW.Duke@ky.gov
BlakeA.Vogt@ky.gov
DavidT.Lovely@ky.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of Court by using the Court's electronic filing system (CM/ECF), which sends electronic notification to all parties registered as CM/ECF users.

*/s/ Blake A. Vogt*
Blake A. Vogt

4