IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 3:26-cv-51-CHB-EBA** |
| **KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICES**; and **STEVEN J. STACK** in his Official Capacity as Secretary for the Kentucky Cabinet for Health and Family Services, | **UNITED STATES' SECOND NOTICE OF NEW ADDITIONAL PERSUASIVE AUTHORITY RELATING TO DEFENDANTS' MOTION TO STAY** |
| **Defendants.** | |

Plaintiff United States of America respectfully submits the following newly issued persuasive authority relating to Defendants' Motion to Stay.

After the United States filed its Opposition to Defendants' Motion to Stay, the United States District Court for the Western District of Michigan denied a substantially similar motion to stay in *United States v. Michigan Department of Health and Human Services*, No. 1:26-cv-01950-HYJ-MV (W.D. Mich. Aug. 7, 2026), ECF No. 22. A true and correct copy of the order is attached as **Exhibit A**.

The Michigan action is one of the three related state-specific enforcement actions identified in Defendants' Motion to Stay. Like this case, it is an enforcement action brought by the United States under 7 U.S.C. § 2020(g) to compel the production of SNAP records. Michigan is also among the states that joined the Motion to Enjoin currently pending before the United States District Court for the Northern District of California.

The court denied the motion to stay, concluding that: (1) it was not sufficiently clear that the California action was materially identical to the enforcement action before it; (2) the requested stay was indefinite because the timing of the Northern District of California's ruling remained

1

uncertain; (3) requiring Defendants to respond to the Government's motion for preliminary injunctive relief in the ordinary course did not impose sufficient hardship to justify a stay; and (4) Defendants had not otherwise demonstrated that a stay was warranted.

The court also cited *Ohio Envt'l Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) and quoted that "a party has a right to a determination of its rights and liabilities without undue delay." The Michigan court's reasoning is directly relevant because Defendants seek similar relief—a stay pending resolution of the same Motion to Enjoin currently pending before the Northern District of California.

The United States respectfully submits this newly issued decision as additional persuasive authority relevant to Defendants' Motion to Stay.

Dated: August 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TYLER BECKER
Counsel to the Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation Branch

*s/Colin W. Trundle*
COLIN W. TRUNDLE
CADESBY B. COOPER
Trial Attorneys
Enforcement & Affirmative Litigation Branch
450 5th Street, N.W.
Washington, DC 20001
Tel: (202) 742-7112
colin.trundle@usdoj.gov

*Counsel for Plaintiff United States of America*

2

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 7, 2026, I electronically filed the foregoing document and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Colin W. Trundle*

COLIN W. TRUNDLE
Trial Attorney
